IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALFREDO VASQUEZ<br>  TDCJ NO. 784866 | §<br>§<br>§ | |
| VS. | § | C.A. NO. C-04-277 |
| DOUGLAS DRETKE | §<br>§<br>§ | |

**ORDER DENYING PETITIONER'S**
**REQUEST FOR CERTIFICATE OF APPEALABILITY**

Pending is petitioner Alfredo Vasquez' ("Vasquez") Notice of Appeal (D.E. 36), appealing the Court's November 5, 2006, Order Denying Motion For Relief From Judgment. (D.E. 36). The Notice of Appeal is construed as a request for a certificate of appealability ("COA"). See 28 U.S.C. § 2253(c). For the reasons stated herein, Vasquez' request for a COA is denied.

**I. Background**

On May 17, 2004, Vasquez filed a § 2254 petition for habeas corpus relief challenging his Texas state murder conviction and forty-year sentence on numerous grounds, including ineffective assistance of trial counsel and trial court error. (D.E. 1). Respondent moved for summary judgment to deny the petition, (D.E. 13), and by memorandum and recommendation filed October 22, 2004, it was recommended that Vasquez' petition be denied because the state courts' adjudication of his claims was not contrary to clearly established federal law, nor did it involve an unreasonable determination of the facts in light of the evidence. (See D.E. 16). Vasquez filed objections to the recommendation. (D.E. 18). By order and final judgment entered December 20, 2004, the Court adopted the recommendation and denied Vasquez habeas corpus petition on the merits. (See D.E. 19, 20).

Vasquez appealed. (D.E. 22). His request for a certificate of appealability on the merits of

his claims was denied. (D.E. 24). By judgment dated March 31, 2006, the Fifth Circuit denied Vasquez' request for a COA finding that he failed to demonstrate the denial of a constitutional right concerning sudden passion and due process, and that he had abandoned his ineffective assistance of counsel claims. (See D.E. 33).

On October 2, 2006, Vasquez filed a Rule 60(b) motion for relief from judgment. (D.E. 34).

On November 5, 2006, the Court denied Vasquez' motion for Rule 60(b) relief**.** (D.E. 35). The Court found no Rule 60(b) basis to grant relief on Vasquez' claims of improper jury instruction and sudden passion. Id.

On November 30, 2006, Vasquez filed the instant notice of appeal. (D.E. 36) and an application to proceed i.f.p. (D.E. 37). [1]

## II. Discussion

To obtain a COA, Vasquez must make a substantial showing of the denial of a constitutional right. See 28 U.S.C. 2253(c)(2); Robertson v. Johnson, 234 F.3d 890, 897 (5th Cir. 2000); Barrientes v. Johnson, 221 F.3d 741, 771 (5th Cir. 2000). To meet this standard, Vasquez must demonstrate "'that reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" Barrientes, 221 F.3d at 771 (quoting Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595, 1603-04 (2000)).

---

[1] Curiously, although both D.E. 36 and D.E. 37 arrived in the Clerk's Office on November 30, 2006, as evidenced by the identical file-stamp date, the Notice of Appeal, (D.E. 36), has a typed date of "November **5**st [sic] day of November 2006," whereas the i.f.p. application, (D.E. 37), has a handwritten date of "**25** day of November, 2006." (Compare D.E. 36 at 1 with D.E. 37 at 2). For purposes of this COA order, it is assumed that Vasquez' Notice of Appeal was timely filed on November 5, 2006, when it was executed. Should the Fifth Circuit seek evidence on this matter, the Court will gladly conduct an evidentiary hearing.

In his Notice of Appeal, construed as a request for a COA, Vasquez offers no new arguments, but simply attaches a copy of the order denying his Rule 60(b) motion for relief from judgment. (D.E. 36). Thus, it appears that Vasquez is again raising his claims of improper jury instruction concerning good time credits and a due process claim arguing that the trial court erred when the burden of proof was placed on him regarding sudden passion. These claims have been repeatedly discussed and rejected in the initial recommendation to deny his habeas corpus petition (D.E. 16), the order denying his first request for a COA (D.E. 24), and the order denying his Rule 60(b) motion (D.E. 65). Moreover, the Fifth Circuit already determined on his first appeal of these claims that reasonable jurist would not find the Court's assessment of these claims debatable or wrong. (D.E. 33).

He is not entitled to a COA.

### III. Conclusion

For the above reasons, Vasquez' request for a certificate of appealability (D.E. 36), is DENIED.

ORDERED this 29th day of January, 2007.

_____
Janis Graham Jack
United States District Judge

3