IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALFREDO VASQUEZ, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | C.A. NO. C-04-277 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DENY A CERTIFICATE OF APPEALABILITY

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division, and is currently incarcerated at the McConnell Unit in Beeville, Texas.  On May 17, 2004, petitioner filed an application for a writ of habeas corpus.  (D.E. 1).  On March 27, 2008, petitioner filed this motion to re-open his habeas petition pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure.  (D.E. 48).  On April 16, 2008, the Court denied this motion.  (D.E. 52). On March 5, 2008, petitioner filed a notice of appeal, which is construed as a motion for a certificate of appealability.  (D.E. 53).  For the reasons stated herein, it is respectfully recommended that petitioner's motion for a certificate of appealability be denied.

## I.  BACKGROUND

On January 30, 1997, a jury found petitioner guilty of murder.  (D.E. 11, at 1).  At sentencing on January 31, 1997, the jury rejected petitioner's defense of "sudden passion" and sentenced him to a forty-year term of imprisonment.  Id.  On May 19, 1999, the Court of Appeals for the Fourth District of Texas affirmed his conviction.  Id.  The court denied petitioner's motions for re-hearing on July 1, 1999 and September 3, 1999.  Id. at 1-2.  On November 21, 2001, the Court of Criminal Appeals refused his petition for discretionary review.  Id. at 2.  Petitioner's motion for rehearing was denied on January 30, 2002.  Id.  On March 31, 2004, his state habeas application was denied without written order.  Id.

On May 17, 2004, petitioner filed this federal habeas corpus petition.  (D.E. 1).  On August 20, 2004, respondent filed a motion for summary judgment.  (D.E. 13).  Petitioner replied on October 12, 2004.  (D.E. 15).  On October 22, 2004, it was recommended that respondent's motion be granted, and the action be dismissed with prejudice for lack of merit.  (D.E. 16).  On November 22, 2004, petitioner filed objections to the magistrate judge's memorandum and recommendation.  (D.E. 18).  On December 20, 2004, this Court adopted the recommendation.  (D.E. 19).

On January 31, 2005, petitioner filed a notice of appeal, (D.E. 25), and a

motion for a certificate of appealability. (D.E. 22). On February 7, 2005, petitioner was denied a certificate of appealability. (D.E. 24). On March 31, 2006, the Fifth Circuit denied petitioner a certificate of appealability because he had not "made a substantial showing of the denial of a constitutional right." (D.E. 33, at 2).

On October 2, 2006, petitioner filed a motion for relief from this Court's judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (D.E. 34). On November 5, 2006, this motion was denied. (D.E. 35). On November 30, 2006, petitioner filed a notice of appeal. (D.E. 36). On January 29, 2007, this Court denied petitioner a certificate of appealability. (D.E. 41). On February 19, 2008, the Fifth Circuit denied petitioner a certificate of appealability because his Rule 60(b) motion was an unauthorized successive petition. (D.E. 47, at 2).

Petitioner filed this motion on March 27, 2008. (D.E. 48). He claims entitlement to relief because (1) during sentencing, the jury was erroneously instructed that petitioner qualified for good-time credits; and (2) the Texas Penal Code unconstitutionally places upon him the burden of proving the "sudden passion" element of his crimes. Id. at 2. These grounds were raised in his original habeas petition, (D.E. 1, at 7); in his applications for a certificate of appealability to the district court, (D.E. 22 at 3-4), and to the Fifth Circuit, (D.E. 33); in his first

3

Rule 60(b) motion, (D.E. 34, at 5-6, 11); and in his applications for a certificate of appealability from the denial of that motion to this Court, (D.E. 41), and to the Fifth Circuit. (D.E. 47). On April 16, 2008, the Court denied this motion. (D.E. 52).

## II. DISCUSSION

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).

A certificate of appealability "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287

4

F.3d 325, 329 (5th Cir. 2002) (relying upon <u>Slack</u>, 529 U.S. at 483).

Similarly, for claims that district courts reject solely on procedural grounds, a petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484 (emphasis added).

Petitioner's argument in his motion to re-open his habeas petition is that there was error made during his sentencing affording him a right to qualify for good-time credits and that Texas law improperly placed the burden on him for an element of his crime. (D.E. 48, at 2). In the memorandum and recommendation, it was "recommended that petitioner's motion be treated as a successive habeas petition, and dismissed without prejudice for lack of jurisdiction." (D.E. 49, at 1). The Court adopted this recommendation. (D.E. 52).

## III. RECOMMENDATION

It is respectfully recommended that reasonable jurists could not debate the denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed. <u>Miller-El</u>, 537 U.S. at 327 (citing <u>Slack</u>, 529 U.S. at 484). Accordingly, it is respectfully recommended that petitioner's motion for a certificate of appealability, (D.E. 48), be denied. It is further respectfully

recommended that petitioner be advised that he may request the issuance of a

certificate of appealability from a federal circuit court of appeals judge.  <u>See</u> Fed.

R. App. P. 22(b).

      Respectfully submitted this 27th day of June 2008.

_____

BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 8(b) of the Rules Governing § 2254 Cases; Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except on grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).

7