IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALFREDO VASQUEZ | § | |
| | § | |
| v. | § | C.A. NO. C-04-277 |
| | § | |
| RICK THALER[1] | § | |

**MEMORANDUM AND RECOMMENDATION TO DENY**
**PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT**

Petitioner is a state prisoner currently incarcerated at the McConnell Unit in Beeville, Texas. On May 17, 2004, he filed a pro se habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his conviction and sentencing. (D.E. 1). That action was dismissed on the merits. (D.E. 19, 20). Pending is Petitioner's motion for relief from judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. (D.E. 80).

**I. BACKGROUND**

Petitioner was convicted of murder and is serving a forty-year sentence. (D.E. 1, at 2). On May 17, 2004, he filed a federal habeas petition claiming that the trial court in his case provided an erroneous jury instruction, he was denied due process by having the burden of proving he experienced sudden passion at the time

---

[1] The previous named respondent in this action was Nathaniel Quarterman. Effective July 15, 2009, Rick Thaler succeeded Mr. Quarterman as Director of the Texas Department of Criminal Justice, Correctional Institutions Division. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Thaler is automatically substituted as a party.

of the murder, and that he suffered ineffective assistance of counsel when his attorney did not object to the definition or elements of murder listed in the jury charge.  Id. at 7-8.  On October 22, 2004, a memorandum and recommendation was issued recommending that the habeas petition be denied.  (D.E. 16).  On December 20, 2004, this Court adopted the memorandum and recommendation and entered final judgment dismissing Petitioner's claims on grounds that the state court decision was not contrary to clearly established federal law, and did not involve an unreasonable determination of the facts in light of the evidence.  (D.E. 19, 20).

On January 31, 2005, Petitioner filed a request for a certificate of appealability, (D.E. 22), which was construed as a notice of appeal and denied by this Court, (D.E. 24), and denied by the Fifth Circuit.  (D.E. 33).  On October 2, 2006, he filed a motion for relief from judgment, (D.E. 34), which was denied.  (D.E. 35).  On November 30, 2006, he filed a notice of appeal, (D.E. 36), which was construed as a request for a certificate of appealability and denied by this Court, (D.E. 41), and denied by the Fifth Circuit.  (D.E. 47).

On March 27, 2008, Petitioner filed a motion to reopen his habeas case pursuant to Rule 60(b)(6), (D.E. 48), which was denied.  (D.E. 52).  On May 5, 2008, he filed another notice of appeal, (D.E. 53), which was construed as a request for a certificate of appealability and denied by this Court, (D.E. 62), and

denied by the Fifth Circuit. (D.E. 65). On June 17, 2009, he filed another motion to reopen his habeas case pursuant to Rule 60(b)(6), (D.E. 66), which was similarly denied. (D.E. 67). He requested a certificate of appealability concerning this denial, (D.E. 68), which was also denied by this Court, (D.E. 72), and the Fifth Circuit. (D.E. 78). On October 26, 2009, he filed a motion to alter the judgment denying the certificate of appealability pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, (D.E. 73), which was denied. (D.E. 76).

## II. PETITIONER'S MOTION

In the pending motion, Petitioner asks for relief from the judgment dismissing his habeas petition. (D.E. 80). He claims that this Court erred in dismissing the petition without relying solely on Supreme Court decisions as he claims § 2254(d)(1) mandates, and by failing "to consider applicable relevant United States Supreme Court principles." Id. at 2-3.

## III. DISCUSSION

A.   The Standard For Rule 60(b) Motions.

Rule 60(b) of the Federal Rules of Civil Procedure sets out five specific bases for granting relief from a final judgment: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct of an adverse party; (4) the judgment is void; and (5) satisfaction,

discharge, or release of the judgment. Fed. R. Civ. P. 60(b)(1)-(5). In addition, Rule 60(b)(6) provides that a court may relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment." Subsection (6) is meant for "unforeseen contingencies" and "accomplishing justice in exceptional circumstances." Steverson v. GlobalSantaFe Corp., 508 F.3d 300, 303 (5th Cir. 2007) (citation omitted) (emphasis added). A Rule 60(b)(6) motion must be made within one year after entry of judgment for subsections (1), (2), and (3), and otherwise, within a reasonable time. Fed. R. Civ. P. 60(c)(1).

**B.     AEDPA Does Not Restrict This Court To Relying Exclusively On Supreme Court Case Law.**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In his motion, Petitioner asserts that § 2254(d)(1) required

this Court to grant or deny his habeas petition based on nothing except Supreme Court opinions. He does so in error. Section 2254(d)(1) explains that a federal habeas petition may be granted if a state court decision on the merits contradicted the Supreme Court's interpretation of a federal law. It does not, however, limit this Court to relying only on Supreme Court case law in reviewing a habeas petition.

Rather, this Court may rely on any type of valid, legal precedent, as was done, in dismissing Petitioner's petition. Indeed, this Court is bound by applicable decisions issued by the Fifth Circuit. Accordingly, it is respectfully recommended that this Court did not err in relying on both Supreme Court and Courts of Appeals decisions in dismissing Petitioner's claims.

**C.     This Court Did Not Fail To Consider Supreme Court Principles.**

Petitioner claims that this Court "wholly failed to consider applicable relevant United States Supreme Court Principles." This assertion is vague and ambiguous. Indeed, numerous Supreme Court decisions were cited in dismissing the petition. (D.E. 16). More importantly, Petitioner fails to explain which principles were not considered, or how this Court failed to consider them. Accordingly, it is respectfully recommended that this Court did not fail to consider applicable relevant United States Supreme Court principles.

5

## IV. **RECOMMENDATION**

Based on the foregoing reasons, it is respectfully recommended that Petitioner's motion for relief from judgment, (D.E. 80), be denied.

Respectfully submitted this 3rd day of March 2010.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).