UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ALFREDO VASQUEZ, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. C-04-277 |
| § | |
| NATHANIEL QUARTERMAN, § | |
| § | |
| Respondent. § | |

**ORDER DENYING PETITIONER'S
MOTION FOR A CERTIFICATE OF APPEALABILITY**

Pending is petitioner Alfredo Vasquez' fifth notice of appeal (D.E. 85), challenging the Court's denial of his fourth Rule 60(b) motion to alter or amend the judgment, (D.E. 84). The notice of appeal is construed as a request for a certificate of appealability (COA). See Fed. R. App. P. 22(b)(2); Bailey v. Cain, ___ F.3d ___, 2010 WL 2483271 (5th Cir. Jun. 21, 2010).

**I.    Relevant history.**

On December 20, 2004, the Court denied Vasquez' § 2254 motion for habeas corpus relief. (D.E. 19, 20). Over the last five years, Vasquez has challenged unsuccessfully the denial of his § 2254 petition, the denial of his motions to alter or amend the judgment or to reopen the case, and his motions for a certificate of appealability. Indeed, in denying one of his COA requests, the Fifth Circuit noted that Vasquez' second Rule 60(b) motion was, effectively, a successive petition, and that he did not have authorization to file such a petition. (D.E. 65 at 1). Vasquez was warned that "any future attempts to evade the requirements for filing a successive § 2254 petition, however styled, may result in the imposition of sanctions against him." Id. at 2. Since that sanction, Vasquez proceeded to file two additional Rule 60(b) motions, (D.E. 68, 80),

and a Rule 59(e) motion (D.E. 73), all of which were denied. He now seeks a COA on the Court's March 25, 2010 order (D.E. 84), denying him relief from judgment.

**II.     Discussion.**

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the petitioner must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

In his most recent motion to alter or amend judgment, Vasquez argued that the Court erred in dismissing his habeas corpus petition because it did not rely solely on Supreme Court decisions. (D.E. 80 at 2-3). This allegation was frivolous and failed to raise valid Rule 60(b) grounds. Moreover, on the face of the motion, it is apparent that Vasquez is attempting to challenge this Court's prior resolution of his habeas claims on the merits. As such, the instant

Rule 60(b) motion is again the functional equivalent of a successive § 2254 petition. See Gonzalez v. Crosby, 545 U.S. 524, 532 (2005). Vasquez did not have authorization from the Fifth Circuit to file a successive § 2255 petition, and therefore, this Court lacks jurisdiction to consider it.

There are no grounds to support a COA. Accordingly, petitioner's request for issuance of a COA is denied.

SIGNED and ORDERED this 9th day of July, 2010.

                                                 _____
                                                      Janis Graham Jack
                                                  United States District Judge