United States District Court
Southern District of Texas
**ENTERED**
October 18, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALFREDO VASQUEZ | § | |
| | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:04-CV-277 |
| | § | |
| | § | |
| BOBBY LUMPKIN[1] | § | |

## ORDER

On September 3, 2021, incarcerated state prisoner Alfredo Vasquez, proceeding *pro se*, filed a Motion for Relief from Judgment pursuant to Federal Civil Procedure Rule 60(b)(6) (D.E. 100). Through his motion, Vasquez seeks relief from this Court's December 20, 2004 judgment denying his 28 U.S.C. § 2254(d) petition in this action (D.E. 16, 19, 20). For the reasons set forth below, the Court finds that Vasquez is barred from filing his motion by order of the Fifth Circuit and accordingly DENIES the motion.

## PROCEDURAL BACKGROUND

On November 2, 1995, Vasquez was indicted for murder in the 144th District Court of Bexar County, Texas. *See* D.E. 14; *see also* D.E. 16 at 2, 5. Vasquez pled not guilty. *See* D.E. 14; *see also* D.E. 16 at 2. On January 30, 1997, a jury found Vasquez guilty and sentenced him to forty years imprisonment. *See* D.E. 14; *see also* D.E. 16 at 2.

Vasquez appealed his conviction, and on May 19, 1999, the Texas Fourth Court of Appeals

[1] This action originally named Douglas Dretke as the respondent. Effective April 2, 2008, Nathaniel Quarterman was substituted as the respondent in this action. Bobby Lumpkin, current Director of the Texas Department of Criminal Justice, Correctional Institutions Division, is now the proper respondent to this application for a writ of habeas corpus and is hereby substituted as the respondent herein. *See* Rule 2(a) of the Rules Governing Section 2254 Cases; *see also* Fed. R. Civ. P. 25(d).

affirmed. *See* D.E. 16 at 2. The state appeals court overruled Vasquez's requests for rehearing on July 1 and September 3, 1999, refused his petition for discretionary review on November 21, 2001, and denied his request for rehearing of that decision on January 30, 2002. *See id.* On January 28, 2002, Vasquez filed a Texas petition for habeas corpus relief, *see id.* at 2, 6, and on March 31, 2004, the Texas Court of Criminal Appeals denied the petition without written order, *see id.* at 2-3.

On May 17, 2004, Vasquez filed a petition for habeas corpus relief with this Court pursuant to 28 U.S.C. § 2254, raising claims substantially identical to those raised in his prior state habeas corpus petition. *See* D.E. 1. Respondent Director of the Texas Department of Criminal Justice moved for summary judgment on Vasquez's petition. *See* D.E. 13. On October 22, 2004, Magistrate Judge Cooper-Hill issued a Memorandum and Recommendation recommending that Respondent's dispositive motion be granted and Vasquez's petition be denied. *See* D.E. 16. On December 20, 2004, this Court adopted the Magistrate Judge's recommendation without modification. *See* D.E. 19.

Over the next several years, Vasquez filed a series of meritless and duplicative appeals, motions for relief from judgment, and other challenges to his conviction or sentence constituting successive 2254 petitions in connection with which Vasquez did not seek or obtain prior authorization from the Fifth Circuit as required under 28 U.S.C. § 2244(b)(3)(A). *See* D.E. 22, 25, 34, 36, 48, 53; *see also* 28 U.S.C. § 2244(b)(3)(A); *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). On May 5, 2009, the Fifth Circuit issued an order warning Vasquez that "any future attempts to evade the requirements for filing a successive § 2254 petition, however styled, may result in the imposition of sanctions against him." D.E. 65 at 2.

Undeterred, Vasquez filed a new Rule 60(b)(6) motion for relief from judgment on June 17, 2009, raising issues substantially identical to those raised by his prior motions. *See* D.E. 66. This Court summarily denied the motion on June 19, 2009. *See* D.E. 67. On July 22, 2009, Vasquez filed a notice

of appeal from the Court's order denying his motion. *See* D.E. 68. This Court declined to issue a certificate of appealability on October 16, 2009. *See* D.E. 72. Ostensibly moving under Federal Civil Procedure Rule 59(e), on October 26, 2009 Vasquez moved that this Court alter its "judgment" not to issue a certificate of appealability. *See* DE. 73. This Court denied the Rule 59(e) motion on November 6, 2009. *See* D.E. 76. On February 19, 2010, Vasquez moved again for relief from judgment. *See* D.E. 80. On March 25, 2010, this Court denied the motion. *See* D.E. 84. Vasquez filed a notice of appeal from the Court's order on April 21, 2010. *See* D.E. 85. The Court declined to issue a certificate of appealability on July 9, 2010. *See* D.E. 72.

On December 28, 2010, the Fifth Circuit issued the following order:

> Vasquez is ORDERED to pay a sanction in the amount of $100 to the clerk of th[e Fifth Circuit]. He is BARRED from filing in th[e Fifth Circuit] or in any court subject to th[e Fifth Circuit]'s jurisdiction any challenge to his conviction or sentence until the sanction is paid in full, unless he first obtains leave of the court in which he seeks to file such challenge. Vasquez is further CAUTIONED that filing any future frivolous or repetitive challenges to his conviction or sentence in th[e Fifth Circuit] or any court subject to th[e Fifth Circuit]'s jurisdiction will subject him to additional and progressively more severe sanctions.

D.E. 99. On March 21, 2011, Vasquez moved the Fifth Circuit for permission to file further challenges to his conviction or sentence without paying the $100 sanction. *See In re: Alfredo Vasquez*, No. 11-90007 (5th Cir. 2011), D.E. 1. On April 14, 2011, the Fifth Circuit ordered as follows:

> Vasquez has once again failed to heed th[e Fifth Circuit]'s warning that the filing of frivolous or repetitive challenges to his conviction or sentence would subject him to additional sanctions. Vasquez is ORDERED to pay a sanction in the amount of $100 to the clerk of th[e Fifth Circuit]. This sanction is in addition to the $100 sanction imposed in [the action now before this Court]. Vasquez is reminded that he remains BARRED from filing in th[e Fifth Circuit] or in any court subject to th[e Fifth Circuit]'s jurisdiction, any challenge to his conviction or sentence until the sanction is paid in full, unless he first obtains leave of the court in which he seeks to file such challenge. Vasquez is again CAUTIONED that filing any future frivolous or repetitive challenges to his conviction or sentence in th[e Fifth Circuit] or any court subject to th[e Fifth Circuit]'s jurisdiction will subject him to additional and progressively more severe sanctions.

*Id.*, D.E. 4. Vasquez has not paid either the sanction of December 28, 2010 or the sanction of April 14, 2011. *See* Fifth Circuit Sanctioned and Warned Litigants List, last visited October 15, 2021, http://library.circ5.dcn/ProSe/sanction_sa.pdf at 689-690; *see also* D.E. 100 at 8.

Without first requesting or obtaining leave of Court to do so, Vasquez filed the Rule 60(b)(6) Motion for Relief from Judgment (D.E. 100) now before the Court on September 3, 2021.

**DISCUSSION**

As a preliminary matter, Vasquez's motion clearly constitutes a challenge to his conviction or sentence. *See* D.E. 100. The gravamen of his motion is that his sentence was unconstitutional because the jury that sentenced him received a misleading instruction from the trial court. *See id.* Vasquez's motion therefore falls within the scope of the Fifth Circuit's sanctions orders. It follows that Vasquez is barred from filing his motion unless he first either pays both monetary sanctions or obtains this Court's leave to proceed without making such payment. *See* D.E. 99; *see also In re: Alfredo Vasquez*, No. 11-90007 (5th Cir. 2011), D.E. 4.

This Court is bound to enforce the Fifth Circuit's sanctions orders. *See*, *e.g.*, *Balawaider v. Scott*, 160 F.3d 1066, 1067-1068 (5th Cir. 1999); *Murphy v. Collins*, 26 F.3d 541, 544 (5th Cir. 1994); *Black v. Griffin*, 638 F. App'x 371, 373 (5th Cir. 2016) (unpublished disposition). Moreover, because review of Vasquez's motion establishes that it is duplicative of his prior motions for relief from judgment, lacks any evident merit, and constitutes a successive Section 2254 petition, the Court declines to grant Vasquez leave to file it notwithstanding his failure to comply with the Fifth Circuit's orders. It being established that Vasquez has not paid the monetary sanctions ordered by the Fifth Circuit, the Court therefore finds that Vasquez is barred by the Fifth Circuit's sanctions orders from filing his instant Rule 60(b)(6) motion. Accordingly, the Court summarily DENIES Vasquez's motion with leave to refile in the event Vasquez complies with the sanctions ordered by the Fifth Circuit.

## CONCLUSION

For the foregoing reasons, Vasquez's Rule 60(b)(6) motion (D.E. 100) is DENIED without prejudice.

SIGNED and ORDERED this 18th day of October, 2021.

Janis Graham Jack
Senior United States District Judge